# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Brandon Dale Lowery,<br><br>               Plaintiff,<br><br>    v.<br><br>Governor Joe Lombardo; State of Nevada,<br><br>               Defendants. | Case No. 2:24-cv-01117-GMN-DJA<br><br>**Order** |

       Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 4). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, it dismisses the complaint with leave to amend.

**I.    *In forma pauperis* application.**

       Plaintiff filed the affidavit required by § 1915(a). (ECF No. 4). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Legal standard for screening.**

       Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70
2  F.3d 1103, 1106 (9th Cir. 1995).

3  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
4  complaint for failure to state a claim upon which relief can be granted.  Review under Rule
5  12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d
6  719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of
7  the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*
8  *v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual
9  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
10 elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*
11 *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations
12 contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,
13 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory
14 allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the
15 line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.
16 Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings
17 drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal
18 construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

19 Federal courts are courts of limited jurisdiction and possess only that power authorized by
20 the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C.
21 § 1331, federal courts have original jurisdiction over "all civil actions arising under the
22 Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when
23 federal law creates the cause of action or where the vindication of a right under state law
24 necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277
25 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the
26 "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a
27 federal question is presented on the face of the plaintiff's properly pleaded complaint."
28 *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### III.    Screening the complaint.

Plaintiff sues Governor Joe Lombardo in his official capacity and the State of Nevada for declaratory relief, damages, and injunctive relief. Plaintiff alleges that the Defendants violated his First Amendment rights, Fourth Amendment rights, and Fourteenth Amendment rights. However, Plaintiff's complaint fails to state a claim upon which relief can be granted because it alleges no facts. He does not allege who harmed him, when, where, or how. Because Plaintiff's complaint does not state a colorable claim for violation of his Constitutional rights, the Court dismisses it without prejudice and with leave to amend. In any amended complaint, Plaintiff must include facts about the incident or incidents that form the basis of his claims.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **August 12, 2024,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint

complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: July 11, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE